UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAMIEN CLARK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:20-076-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. GILLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate/Petitioner Damien Clark is currently confined at the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky. Proceeding without an attorney, Clark has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Through this motion, he seeks to challenge the validity of his conviction. [Record No. 1] The matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Because Clark is not entitled to the relief being sought under § 2241, his petition will be denied.

**I.**

In February 2018, Clark was charged in an indictment issued by a grand jury in the United States District Court for the Southern District of Indiana with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) (Count One). *United States*

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

-1-

*v. Damien Clark*, No. 1:18-cr-054-JPH-DML-1 (S.D. Ind. 2018) at Record No. 14. Clark pled guilty to this count on May 17, 2019, without the benefit of a plea agreement. *Id*. at Record No. 32, 41, 43.[2] In the Stipulated Factual Basis for his plea, Clark admitted that he knew that a handgun that he had purchased "off the streets" was in his car when he was pulled over by police for disregarding a stop sign. *Id*. at Record No. 41. Clark also stipulated that he had two prior felony convictions. *Id*. On May 17, 2019, Clark was sentenced to a term of imprisonment of 75 months. *Id*. at Record No. 43, 44. Clark did not filed a direct appeal of his conviction and/or sentence and he did not file a motion for vacate his sentence pursuant to 28 U.S.C. § 2255. However, the time for him to file a motion pursuant to § 2255 has not yet expired. *See* 28 U.S.C. § 2255(f)(1) (providing that the 1-year period of limitation that applies to a § 2255 motion shall run from the latest of several dates, including the date on which the judgment of conviction becomes final).

In the § 2241 petition filed in this Court, Clark argues that his conviction is invalid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he argues that, in light of *Rehaif*, he is "actually innocent" of his crime of conviction "due to the failure to establish proof beyond a reasonable doubt or an admission to critical elements necessary to establish guilt in violation of the Fifth and Sixth Amendments to the Constitution." [Record No. 1 at p. 4] Clark claims that he did not know that he was a felon at the time of his offense, nor that his status placed him in a category of persons

---

[2] Clark's claim that he was sentenced after he pled "not guilty" (suggesting that he was convicted by a jury) [Record No. 1 at p. 2] is contradicted by the record in his underlying criminal case. The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

prohibited from possessing firearms. [*Id*.] He seeks to bring his claims in this § 2241 petition *via* the "savings clause" of 28 U.S.C. § 2255(e).

## II.

A federal prisoner generally may not use a § 2241 petition to challenge his conviction. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). In short, a § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v.*

*Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

As an initial matter, Clark cannot clear the hurdle of establishing that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention because he may still file a motion to vacate pursuant to § 2255. Clark was sentenced on May 17, 2019 and his Judgment of Conviction was entered on May 22, 2019. *United States v. Damien Clark*, No. 1:18-cr-054-JPH-DML-1 (S.D. Ind. 2018) at Record No. 43, 44. Section 2255(f)(1) provides Clark with at least one year from the date on which his judgment of conviction becomes final within which to file a § 2255 motion, thus this time period has not yet expired. *See* 28 U.S.C. § 2255(f)(1). Nor is Clark able to establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he may still bring his claim in a § 2255 motion.³ For these reasons, Clark may not rely upon the "savings clause" of § 2255(e) to pursue his claims in a § 2241 petition.

---

³ to the extent Clark argues that his conviction is in violation of the Fifth and Sixth Amendments to the United States Constitution, these constitutional claims may only be asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2). *See also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (noting that, under 28 U.S.C. § 2255(h), "[a] second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). These claims may not be raised in a § 2241 petition.

Even if this were not the case, Clark may not rely upon the Supreme Court's decision in *Rehaif* to establish his "actual innocence" in his § 2241 petition. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Clark argues that, because the Government failed to "establish proof beyond a reasonable doubt" that Clark violated the status element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction. [Record No. 1] However, Clark's reliance upon *Rehaif* is misplaced.

First, to properly invoke the savings clause, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. While the United States Court of Appeals for the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit has specifically held that the Supreme Court has *not* made the *Rehaif* decision retroactively applicable to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

In addition, Clark waived his ability to attack the sufficiency of the evidence to sustain his conviction by pleading guilty. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("…an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea."). Thus, the Government was not required to prove anything with respect to Clark's conduct because Clark admitted all of the facts essential to sustain his conviction when he agreed to plead guilty. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful

sentence."); *See also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Clark was repeatedly advised of the consequences of his plea, including the waiver of his right to a trial, and proceeded to plead guilty notwithstanding these consequences. *United States v. Damien Clark*, No. 1:18-cr-054-JPH-DML-1 (S.D. Ind. 2018) at Record No. 32, 43. Thus, he cannot now complain that the United States failed to prove the facts necessary to sustain his conviction.

Finally, contrary to Clark's argument, *Rehaif* does not hold that the Government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1). As the Supreme Court explained,

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194. Thus, while the Government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like," *Id*. at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms. *See also United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Clark's unduly expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*....[I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires. The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F. 3d at 797 (emphasis in original; citation omitted).

Clark stipulated that had two prior felony convictions prior to his offense. *United States v. Damien Clark*, No. 1:18-cr-054-JPH-DML-1 (S.D. Ind. 2018) at Record No. 41. In light of this stipulation, Clark cannot now contend that he was unaware that he stood convicted of two felonies. Because *Rehaif* does not require more, his petition fails to state any viable claim for relief.

### III.

Accordingly, for the reasons outlined above, it is hereby **ORDERED** as follows:

1.  Clark's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: April 2, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky